UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMANDO GONZALEZ<br>    *Plaintiff*,<br><br>v.<br><br>PREMIER CAR WASH, LLC,<br>AUTOMOTIVE SERVICES, LLC,<br>STATE STREET CAR CARE CENTER,<br>LLC, VINCENT JOSEPH "JOE"<br>FARRELL, and RATKO PEJOVIC,<br>    *Defendants*. | Case No. 3:14-cv-00496<br><br><br><br><br><br><br><br><br>April 14, 2014 |

Armando Gonzalez, through his counsel, alleges the following on information and belief:

## COMPLAINT

1.    Plaintiff Armando Gonzalez is a former employee of Premier Car Wash in North Haven, Connecticut. During the more than nine years that he worked there, Mr. Gonzalez worked up to 65 hours per week, six or seven days per week, outdoors in hot and cold weather, without regular rest or meal breaks, and unprotected from toxic chemicals used in the car wash. In contravention of federal and state law, Premier Car Wash did not pay Mr. Gonzalez overtime. Further, Premier Car Wash regularly underreported Mr. Gonzalez's hours and failed to compensate him for several hours of labor per week. Despite Mr. Gonzalez's attempts to collect his unpaid wages and overtime from the Defendants, his former employers, he still has not received full payment for his labor. Mr. Gonzalez brings this action in order to recover monies owed to him for unpaid wages and overtime.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 216(b) and supplemental jurisdiction over Mr. Gonzalez's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this action occurred within this district, and Defendants are located, reside, or do business in this district.

## PARTIES

4. Plaintiff Armando Gonzalez worked as a car washer at Premier Car Wash from approximately 2001 to December 2005 ("Period 1") and from approximately February 2007 until June 2013 ("Period 2"). At all relevant times, Mr. Gonzalez worked for the benefit of Defendants and was a resident of the state of Connecticut.

5. Defendant Premier Car Wash LLC is a Limited Liability Company that registered in Connecticut in 1995 and that owns and operates a car wash in North Haven, Connecticut ("Premier Car Wash"). The car wash is located at 384 State Street, North Haven, CT 06473.

6. Defendant State Street Car Care Center LLC, d/b/a Express Lube, is a Limited Liability Company that registered in Connecticut in 2003 and that owns and operates an oil change shop in North Haven, Connecticut ("Express Lube"). Express Lube is located at 384 State Street, North Haven, CT 06473, in the same building as the car wash.

7. Defendant Automotive Services LLC is a Limited Liability Company that registered in Connecticut in 1998 and that owns and operates an oil change shop in North Haven, Connecticut ("Automotive oil change shop"). The Automotive oil change shop is located at 105 Washington Avenue, North Haven, CT 06473.

8. Premier Car Wash LLC, State Street Car Care Center LLC, and Automotive Services LLC (collectively, the "LLC Defendants") all perform related activities, including

offering bundled car care services to customers, through a unified operation for a common business purpose. They therefore constitute an integrated enterprise.

9. Defendant Vincent Joseph "Joe" Farrell is the owner, member, registered agent, and principal of Premier Car Wash LLC, State Street Car Care Center LLC, and Automotive Services LLC. Defendant Farrell operates and manages Premier Car Wash, Express Lube, and the Automotive oil change shop. Defendant Farrell is an individual separate and distinct from the LLC Defendants and was a resident of the state of Connecticut at all relevant times.

10. Defendant Ratko Pejovic manages the car wash. Defendant Pejovic is an individual separate and distinct from the LLC Defendants and was a resident of the state of Connecticut at all relevant times.

11. At all relevant times, Defendants Farrell and Pejovic acted as agents of the LLC Defendants.

## STATEMENT OF FACTS

Plaintiff Gonzalez's Work for Defendants

*Period 1*

12. Defendant Pejovic first hired Mr. Gonzalez to work at the car wash in or around 2001. Mr. Gonzalez worked at the car wash until approximately sometime in December 2005.

13. During Period 1, Mr. Gonzalez usually worked between 40 and 60 hours per week. He worked in excess of 40 hours per week approximately seven out of every eight weeks.

14. At the beginning of Period 1, Defendants agreed to pay Mr. Gonzalez $7.00 per hour for his work at the car wash.

15. In April 2002, his hourly wage increased to $7.25 per hour.

16. In or around September 2002, his hourly wage increased to $7.50 per hour.

*Period 2*

17. Defendant Pejovic hired Mr. Gonzalez again to work at the car wash in or around February 2007. Mr. Gonzalez worked at the car wash until approximately June 15, 2013.

18. During Period 2, Mr. Gonzalez usually worked between 40 and 60 hours at the car wash each week.

19. The car wash was open from approximately 8 a.m. to 6 p.m. each Monday, Tuesday, Wednesday, Thursday, and Friday; from approximately 8 a.m. to 5 p.m. each Saturday; and from approximately 9 a.m. to 2 p.m. each Sunday. Mr. Gonzalez reported to the car wash for work at the start of each day and worked all of the hours the car wash was open unless it rained or few customers came.

20. At the beginning of Period 2, Defendants agreed to pay Mr. Gonzalez $9.00 per hour for his work at the car wash.

21. In or around August 2009, his hourly wage increased to $10.00 per hour.

22. In or around July 2011, his hourly wage increased to $11.00 per hour. He was paid $11.00 per hour until he left his employment.

23. Throughout Period 1 and Period 2, Mr. Gonzalez's job responsibilities at the car wash included vacuuming and wiping the interior of cars and drying and shining cars after they came out of the car wash.

24. As part of his job duties, Mr. Gonzalez handled and worked with goods, including but not limited to car-cleaning products, which had traveled in interstate commerce. Mr. Gonzalez washed cars that traveled in interstate commerce, including taxis, rental cars, and other commercial vehicles and cars with New York and Massachusetts license plates.

25. Throughout Period 1 and Period 2, Defendants consistently underrecorded the

numbers of hours that Mr. Gonzalez worked at the car wash by several hours per week. Defendants failed to compensate Mr. Gonzalez for these unreported hours.

26. On multiple occasions, Mr. Gonzalez informed Defendant Pejovic about the unrecorded hours, but Defendant Pejovic refused to compensate him or correct the records of his hours.

27. In response to complaints about the missing hours, Defendant Pejovic said, "If you aren't happy with what you pay you, then you should leave."

28. Throughout Period 1 and Period 2, for work performed at the car wash, Defendants paid Mr. Gonzalez with a check from Premier Car Wash LLC for 40 hours a week at his regular hourly rate. Defendants also generally paid time and a half for between 0 and 5 of the hours Mr. Gonzalez worked in excess of 40.

29. For any additional hours, Defendants paid him at his regular hourly rate either with cash or with additional checks from Automotive Services LLC and/or State Street Car Care Center LLC. In other words, Defendants failed to pay Mr. Gonzalez overtime for up to 15 hours each week.

30. Defendants paid Mr. Gonzalez with checks from multiple entities and with cash in order to avoid reporting requirements, detection of their failure to pay overtime, and applicable taxes.

31. On March 13, 2014, Mr. Gonzalez, through his counsel, called Defendants through their counsel to demand payment of the wages that they owed him. To the present date, Defendants have not paid the wages due.

Car Wash Operations

32. Defendant Farrell worked at the car wash three or four days per week overseeing operations.

33. Defendant Farrell hired and fired employees. At least one of Mr. Gonzalez's co-workers was hired by Defendant Farrell. Mr. Gonzalez observed Defendant Farrell firing employees.

34. Defendant Farrell supervised employees. Defendant Farrell observed Mr. Gonzalez and other employees working at the car wash. If Defendant Farrell saw the employees make a mistake, he instructed Defendant Pejovic to tell them to fix it. On busy days, Defendant Farrell yelled at Mr. Gonzalez and other workers to work faster and often used obscenities. On rainy days, Defendant Farrell directed workers to go home early.

35. Defendant Farrell was involved in setting employees' rate and method of payment. Defendant Farrell sometimes personally handed Mr. Gonzalez checks for the work he performed at the car wash. In addition, Defendant Farrell's signature appeared on the paychecks given to Mr. Gonzalez and other employees.

36. Defendant Pejovic worked at the car wash approximately five days per week. As manager, he oversaw daily operations at Premier Car Wash and Express Lube.

37. Defendant Pejovic also had the power to hire and fire employees of the car wash. He hired Mr. Gonzalez without checking with his superior.

38. Defendant Pejovic supervised Mr. Gonzalez and other employees at the car wash on a daily basis. He corrected them when he thought they made mistakes, such as when he thought they spent too much time on one car. He determined employees' work schedules. On rainy days or when business was slow, Defendant Pejovic decided whether and which workers should go home or stay and continue working.

39. Defendant Pejovic was also involved in setting employees' rate and method of payment. He personally gave Mr. Gonzalez's wages to him in either cash or check form. He offered Mr. Gonzalez an hourly rate of $7.00 and $9.00 when he hired him at the beginning of Period 1 and Period 2, respectively.

40. Defendant Pejovic also handled the concerns of Mr. Gonzalez and other employees about their wages during their employment, including taking their requests for raises and answering their questions and fixing errors on their paychecks.

41. Defendant Pejovic maintained employment records of Mr. Gonzalez and other employees. He kept records of how many hours each employee worked. He gave Mr. Gonzalez paperwork to fill out upon hiring him and collected the completed forms.

42. During Mr. Gonzalez's tenure at the car wash, Defendants willfully violated their basic legal duties as his employers, including their obligations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-57 *et seq.*

43. Defendants failed to maintain accurate records of hours worked by Mr. Gonzalez and wages paid to him as required by law.

44. When Defendant Pejovic paid Mr. Gonzalez with multiple checks and with no overtime, Defendant Pejovic told Mr. Gonzalez, "That's how we do it."

45. Additionally, Defendants habitually denied Mr. Gonzalez and other employees wages for time spent working on rainy days.

46. When it rained or when business was slow, Defendant Pejovic would instruct Mr. Gonzalez to wait in a small break room. Mr. Gonzalez was expected to remain at the car wash so that if customers arrived, he could return to the car wash and begin working.

47. On multiple occasions, Defendant Pejovic would become angry at employees who left the vicinity of the car wash. Often, he refused to give employees hours on the following day because they had left instead of waiting.

48. Mr. Gonzalez was never paid for hours he spent in the break room on rainy days waiting for customers to arrive.

49. Defendants also failed to display a notice with information about minimum wage and overtime pay, as required by 29 C.F.R. § 516.4 and Conn. Gen. Stat. § 31-66.

50. During all relevant times, Defendants failed to provide meal breaks to Mr. Gonzalez and other employees as required by Conn. Gen. Stat. § 31-51ii, forcing them to eat hurriedly while working or to forgo eating lunch altogether.

51. Defendants failed to provide a safe working environment for Mr. Gonzalez and their other employees as required by 29 U.S.C. § 654(a) and Conn. Gen. Stat. § 31-49.

52. Defendants permitted their employees to work in a vermin-infested building and made no effort to exterminate pests on the car wash premises.

53. Defendants directly exposed employees to toxic car cleaning chemicals and failed to provide protective equipment.

54. Defendants required Mr. Gonzalez and another employee to crawl into and manually clean a pit underneath the car wash equipment where dirt, trash, and toxic cleaning chemicals collected. Mr. Gonzalez and the other employee developed headaches from the fumes and had to throw away their shoes after cleaning the pit every year.

55. Defendants required Mr. Gonzalez to shine and buff cars with a chemical that released sand-like particles into the air. Through regular contact with this chemical, Mr. Gonzalez's eyes became chronically bloodshot and easily irritated by sunlight and wind.

Defendants failed to supply Mr. Gonzalez with protective goggles and refused to assign Mr. Gonzalez to alternate tasks despite his requests.

LLC Defendants

56. The LLC Defendants advertise their businesses together. Their website depicts Premier Car Wash, Express Lube, and the Automotive oil change shop as different locations of one business. *See* Premier Car Center, http://premiercarcenter.com/ (last visited Mar. 1, 2014).

57. The LLC Defendants offer bundled car care services to customers. During Mr. Gonzalez's employment, many customers who come for an oil change at Express Lube took advantage of Express Lube's offer of a free car wash at Premier Car Wash.

58. Signage within the car wash advertises the car wash and Express Lube as a one-stop shop for car care customers.

59. The LLC Defendants had an annual gross volume of sales or business done not less than $500,000 at all relevant times.

60. At all relevant times, Defendants had employees handling or otherwise working on goods or materials, including but not limited to cars, car cleaning products, and car wash equipment, that have been moved in or produced for interstate commerce.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT ("FLSA")

61. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

62. At all relevant times, Defendants Premier Car Wash LLC, State Street Car Care Center LLC, Automotive Services LLC, Vincent Joseph Farrell, and Ratko Pejovic were joint and/or integrated employers within the meaning of 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.

63. Defendants failed to pay Mr. Gonzalez overtime pay for all hours that he worked

in excess of forty per week for each week in violation of 29 U.S.C. § 207(a)(1).

64. Defendants' violations of FLSA were willful. Defendants' violations of FLSA were neglectful of prevailing law, employed fraudulent bookkeeping and pay arrangements, and demonstrated disregard for the requirements of FLSA.

65. As a result of these violations, Mr. Gonzalez suffered damages.

66. Defendants are jointly and severally liable to Mr. Gonzalez for these violations of his rights under federal law.

67. Mr. Gonzalez is entitled to an award of damages for unpaid wages and unpaid overtime, plus liquidated damages in an equal amount and interest, as well as attorneys' fees, in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## CONNECTICUT MINIMUM WAGE ACT

68. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

69. Plaintiff brings this claim under the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-68 and 31-72, against all Defendants.

70. At all relevant times, Defendants Premier Car Wash LLC, State Street Car Care Center LLC, Automotive Services LLC, Vincent Joseph Farrell, and Ratko Pejovic were "employers" within the meaning of Conn. Gen. Stat. §§ 31-58(e) and 31-71a(1).

71. At all relevant times, Defendants employed Mr. Gonzalez within the meaning of Conn. Gen. Stat. § 31-58(h). At all relevant times, Mr. Gonzalez was an employee of Defendants within the meaning of §§ 31-58(f) and 31-71a(2).

72. Defendants, knowingly and in bad faith:

   a. failed to pay overtime wages due to Mr. Gonzalez for hours worked in

excess of forty per week, in violation of Conn. Gen. Stat. §§ 31-76b and 31-76c;

b. failed to pay Mr. Gonzalez the regular hourly wage due to him for all hours worked, in violation of Conn. Gen. Stat. § 31-71b.

73. As a result, Mr. Gonzalez suffered damages.

74. Defendants are jointly and severally liable to Mr. Gonzalez for these violations of their rights under state law.

75. Mr. Gonzalez is entitled to an award of damages for unpaid wages and unpaid overtime, plus liquidated damages in an equal amount and interest, as well as attorneys' fees, in an amount to be determined at trial. Conn. Gen. Stat. §§ 31-68, 31-72.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT

76. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

77. Defendants collectively entered into an oral, written, and/or implied contract with Mr. Gonzalez, and each party's acceptance was supported by good and valuable consideration.

78. Mr. Gonzalez fulfilled his contractual obligations by laboring for the benefit of Defendants.

79. Defendants breached their contract with Mr. Gonzalez by failing to pay contractually established wages for work performed by Mr. Gonzalez.

80. Defendants' contract with Mr. Gonzalez implied payment of overtime wages, in accord with federal and state law.

81. Because of Defendants' breach of contract, Mr. Gonzalez suffered from a loss of expected wages.

82. Mr. Gonzalez is entitled to damages for Defendants' contract breaches for 6 years

preceding the filing of this complaint, pursuant to Conn. Gen. Stat. §§ 52-576.

83. Mr. Gonzalez is entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants.

## FOURTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT & QUANTUM MERUIT

84. Mr. Gonzalez repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

85. By laboring at the car wash, Mr. Gonzalez provided benefits to Defendants.

86. Mr. Gonzalez expected to be compensated for the labor he provided to Defendants. Defendants' unjust failure to pay him wages for all labor performed constituted a distinct detriment to him.

87. Accordingly, Mr. Gonzalez is entitled to money damages equal to the reasonable value of the labor provided to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gonzalez respectfully requests that this Court:

a. Award Plaintiff monetary damages for unpaid wages and unpaid overtime, plus liquidated damages in an equal amount and interest, as provided by the FLSA, 29 U.S.C. § 216(b), in an amount to be determined at trial;

b. Award Plaintiff monetary damages for unpaid wages and unpaid overtime, plus liquidated damages in an equal amount and interest, as provided by Conn. Gen. Stat. § 31-68 and § 31-72, in an amount to be determined at trial;

c. Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law, including breach of contract and unjust enrichment;

    d.    Award attorneys' fees and costs to Plaintiff for legal services pursuant to 29 U.S.C. § 216(b) and Conn. Gen. Stat. §§ 31-68(a), 31-72; and

    e.    Grant such additional and further relief as the Court deems just and proper.

Dated: April 14, 2014

_____/s/_____
A. Nicole Hallett, Supervising Attorney, ct28495
Alex Hemmer, Law Student Intern
Cynthia Liao, Law Student Intern
Swapna Reddy, Law Student Intern
The Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800
*Attorneys for Plaintiff*