UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARMANDO GONZALEZ,<br> *Plaintiff,*<br><br>v.<br><br>VINCENT JOSEPH FARRELL,<br>PREMIER CAR WASH, LLC,<br>AUTOMOTIVE SERVICES, LLC,<br>STATE STREET CAR CARE CENTER,<br>LLC, and RATKO PEJOVIC,<br> *Defendants.* | No. 3:14-cv-00496-VLB<br><br><br><br><br><br><br><br><br>April 24, 2014 |

### STIPULATION FOR SETTLEMENT AND DISMISSAL

This stipulation for settlement and dismissal (the "Agreement") is made and entered into by and between Armando Gonzalez (hereinafter, the "Plaintiff"), on the one hand, and Premier Car Wash, LLC, Automotive Services, LLC, State Street Car Care Center, LLC, Vincent Joseph "Joe" Farrell, and Ratko Pejovic (collectively, the "Defendants," and together with Plaintiff, the "Parties"), on the other hand.

### RECITALS

WHEREAS, Plaintiff filed a complaint in the above-captioned proceeding (the "Action"), claiming that the Defendants violated, *inter alia*, the Fair Labor Standards Act, the Connecticut Minimum Wage Act, and the common law of contract, which resulted in injury to the Plaintiff;

1

WHEREAS, the Parties hereto now desire to resolve, compromise, and settle, finally and completely, all disputes, claims, and controversies between and among them, pursuant to the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties hereby warrant, represent, acknowledge, covenant, and agree as follows:

## AGREEMENT

1. **Payment to the Plaintiff.** Provided the Plaintiff does not timely revoke this Agreement, Defendants shall pay to Plaintiff in full and final satisfaction of all claims arising out of or in any way connected with his former employment by the Defendants and/or his separation from employment, including all claims raised and damages, attorney's fees, interest and costs sought by Plaintiff in the Action a gross settlement amount of Fifteen Thousand ($15,000) Dollars ("the Total Settlement Amount"). The Parties understand and agree that given the nature of the claims asserted by Plaintiff, an allocation of the Total Settlement Amount must be made between (a) income subject to both income and employment taxation and (b) income subject to income taxation only. The Parties agree that the appropriate portion of Total Settlement Amount which is attributable to Plaintiff's claim for unpaid wages ("Wages") should be treated as subject to both income and employment taxation and that the appropriate portion of settlement proceeds which is attributable to Plaintiff's claims for non-wage damages ("Damages") should be treated as subject to income taxation only. The Parties agree further that the valuation of Plaintiff's claims made by their respective

attorneys, and making an allocation between Wages and Damages based on the prorated value of each of those components to the total valuation of Plaintiff's claims, constitutes a reasonable and appropriate basis for this allocation. Pursuant to this method of allocation and subject to the foregoing and below, Defendants will pay to Plaintiff the following gross sums in the form and manner set forth in Paragraph 2:

| Total Settlement Amount | Portion Allocated as Wages | Portion Allocated as Damages |
|---|---|---|
| $15,000 | $5,000 | $10,000 |

2. <u>Form and Schedule of Payment.</u> Defendants agree to deliver to Plaintiff's counsel two checks both payable to "Armando Gonzalez," one allocated for Damages in the amount of $10,000.00 and the other allocated as Wages in the gross amount of $5,000, less the appropriate withholdings for income and employment taxes. The Total Settlement Amount shall be paid in full within five calendar days from the expiration of the revocation period provided Plaintiff has not timely revoked this Agreement. Defendants agree to report the appropriate amounts of income and employment taxes (including but not limited to federal withholding, FICA, unemployment compensation taxes and state withholding if required) from such gross wages. Defendants also agree to pay the employer share of all such employment taxes and to provide to Plaintiff an IRS Form W-2 for the Wages and an IRS Form 1099 for the Damages, no later than January 31, 2015, by mailing those forms to Plaintiff's last known address.

3. <u>Anti-Retaliation.</u>

    a.    Defendants agree not to retaliate against Plaintiff for his activities related to filing or settling the Action.

    b.    Defendants agree to refrain from discussing Plaintiff or the Action with Plaintiff's current, future, or prospective employers, except that if a current, future, or prospective employer of Plaintiff contacts Defendants for a reference, Defendants will provide only Plaintiff's dates of employment, job duties, and wage rate.

    c.    Defendants agree not to contact Plaintiff for any reason other than to mail Plaintiff's IRS Form W-2 and Form 1099 to him. All other correspondence, including correspondence concerning the Action or the Agreement, shall be directed to Plaintiff's counsel.

4.    **Breach**.

    a.    If Defendants fail to make full payment by the date specified in Paragraph 2, Plaintiff will give notice to Defendants and if payment in full is not received by Plaintiff's attorney within three days from the date Defendants receive notice, Defendants will be considered in breach of this Agreement and shall be liable jointly and severally, for an amount equal to the Total Settlement Amount, less any amount paid pursuant to the terms hereof, plus interest at the federal judgment rate from the date specified in Paragraph 2 for full payment until the Total Settlement Amount is paid in full, as well as attorneys' fees and costs necessary to effectuate further payment after breach.

    b.    If any Defendant violates Paragraph 3, he will be considered in breach of this Agreement and will be individually liable to Plaintiff for Plaintiff's actual

damages as a result of the breach, including but not limited to lost wages and costs.

5. <u>Dismissal of Claims</u>. Upon execution of this Agreement by all Parties and its entry as an order by the Court indicating the Court's approval of the settlement, the Court shall cause the Action to be dismissed with prejudice, except as hereinafter provided. The Court shall retain jurisdiction to enforce the terms of this Agreement and Order. If the Plaintiff, by judgment, agreement or otherwise, is required to disgorge some or all of the Total Payment, pursuant to actions under chapter 5 of title 11, including without limitation, 11 U.S.C. § 546, 11 U.S.C. § 547, 11 U.S.C. § 548, 11 U.S.C. § 549 and 11 U.S.C. § 550 or other applicable law, then the payment shall be deemed to have not been made pursuant to this Agreement, the Action shall be reinstated and the Plaintiff shall retain all of his rights the same as if the disgorged payments were never made. In the event the Court enters an order or ruling disapproving the settlement, Plaintiff shall repay the Total Settlement Amount to the Defendants within 14 calendar days of Plaintiff's receipt of notice of such order or ruling denying Defendants' Motion to Approve the Settlement, this Agreement will no longer be effective and the Action may be reinstated.

6. <u>Releases</u>.

a. In exchange for the consideration set forth herein, and upon Defendants' payment of the Total Settlement Amount, the Plaintiff hereby fully and completely releases, discharges, and acquits the Defendants, their attorneys, insurers and any other persons acting on behalf of the Defendants

(collectively the "Defendant Releasees"), of and from any and all claims, counterclaims, charges, rights, interests, sums of money, overpayments, underpayments, accounts, bonds, controversies, demands, actions, indebtedness, agreements, promises, causes of action, costs, expenses (including attorneys' fees), responsibilities, obligations, covenants, damages (including without limitation liquidated damages and punitive damages), losses, suits, judgments and liabilities of any nature whatsoever, in law or in equity, whether or not known, suspected, claimed, developed or undeveloped, anticipated or unanticipated (hereinafter collectively called "Claims") that Plaintiff ever had, claimed to have, now has, or may hereafter have or claim to have, including without limitation all claims alleged in the Action, arising out of or in any way related to Plaintiff's employment by the Defendants and/or the termination of said employment based upon any act or omission of any Defendant Releasee up through the date that this Agreement is signed by him. This release includes, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), the Older Workers Benefit Protection Act (OWBPA), the Americans with Disabilities Act (ADA), the federal and state Family Medical Leave Acts, the Fair Labor Standards Act (FLSA), the Connecticut Fair Employment Practices Act, the provisions of the Connecticut General Statutes concerning the payment of wages (Conn. Gen. Stat. §§ 31-51 *et seq.* and 31-71 *et seq.*), the Connecticut Whistleblower Law (Conn. Gen. Stat. §§ 31-51m), and all other claims for violation of any federal or state statute or regulation and all common law claims.

b.  In exchange for the consideration set forth herein, the Defendants and anyone claiming through each of the Defendants (including a trustee in a bankruptcy proceeding), hereby fully and completely release, discharge, and acquit the Plaintiff, his heirs, and any other persons acting on behalf of the Plaintiff (collectively the "Plaintiff Releasees") of and from any and all Claims that the Defendants ever had, claimed to have, now has, or may hereafter have or claim to have, based upon events that occurred through the Effective Date of this Agreement, against the Plaintiff Releasees.

7.  **Releases Do Not Extend to Obligations Under the Agreement.** The releases set forth above are not intended to, and shall not, extend to or otherwise release or discharge any rights, privileges, benefits, duties, or obligations of any of the Parties hereto by reason of, or otherwise arising under, this Agreement or to any claim that is prevented by law from being waived; however, in connection with any administrative charges filed by an agency, Plaintiff acknowledges that by agreeing to the terms of this Agreement and accepting the payment described in Paragraph 1, he is giving up all rights to pursue such a claim or to recover monetary or other damages.

8.  **Subsequent Discovery of Different Facts.** All signatories to this Agreement, and each of them, acknowledge that they may hereafter discover facts different from, or in addition to, those which they now believe to be true with respect to any and all of the Claims herein released. Nevertheless, each of them agree that each of these releases and obligations set forth above shall be and

7

remain effective in all respects, notwithstanding the discovery of such different or additional facts.

9. <u>No Other Claims and No Other Complaints or Charges Pending</u>. Plaintiff represents that except for the Action, there is no pending action, complaint, charge, cause of action, or claim against any Defendant Releasee filed by him or on his behalf in any forum, whether judicial, administrative or otherwise.

10. <u>Good Faith Negotiations</u>. The Parties represent that this Agreement is the result of good faith arm's-length negotiations between the Parties. The Parties further represent that the Agreement constitutes a fair exchange for reasonably equivalent value and fair consideration.

11. <u>Revocation Period and Effective Date.</u> The Plaintiff acknowledges that he has been given twenty-one (21) days within which to consider this Agreement and that for a period of seven (7) days following the date he signs this Agreement, he may revoke it by delivering written notice of revocation to Warren L. Holcomb, Berchem, Moses & Devlin, P.C., 75 Broad Street, Milford, Connecticut 06460. This Agreement shall not become effective until the eighth calendar day after it is signed by the Plaintiff.

12. <u>Authority and Legality</u>.

    a. Each Party signing this Agreement represents and warrants that the person signing this Agreement on its behalf has the full authority to bind that Party, and said Party's successors and assigns, to the terms of this Agreement. Each Party signing this Agreement represents and warrants that it has the legal capacity to enter into this Agreement, that it

understands this Agreement and that it intends to be legally bound thereby.

  b. Plaintiff is represented in the Action by Attorney A. Nicole Hallett and has consulted with her concerning this Agreement. Plaintiff acknowledges that he understands the meaning and effect of this Agreement, that he is fully competent to enter into it, and that he is doing so knowingly and voluntarily without coercion or duress.

  13. **Entire Agreement.** This Agreement constitutes the sole and entire agreement and understanding between the Parties with respect to the express subject matter hereof and supersedes any and all prior and contemporaneous negotiations, promises, covenants, commitments, understandings, inducements, representations, agreements or discussions, whether oral, written, express or implied. The Parties acknowledge that no representation, promise or inducement has been made with respect to the express subject matter hereof other than as specifically set forth in this Agreement, and that they have not entered into this Agreement in reliance upon any other representation, promise or inducement with respect to the express subject matter hereof not set forth herein.

  14. **Notices.** All notices or other communications that any Party hereto desires or is required to give to any of the other Parties hereto shall be given in writing by facsimile or overnight delivery. All such communications shall be sent to the individuals noted below, or to such other individual as such party may designate in writing from time to time.

    a. If to any Defendant: Warren L. Holcomb, Esq.

                                                        Berchem, Moses & Devlin, P.C.
                                                        75 Broad Street
                                                        Milford, CT 06460
                                                        Tel: (203) 783-1200
                                                        Fax: (203) 882-0045

    b.     If to Plaintiff:     Nicole Hallett, Esq.
                                                   The Jerome N. Frank Legal Services Organization
                                                   Yale Law School
                                                   127 Wall Street
                                                   New Haven, CT 06511
                                                   Tel: (203) 432-4800
                                                   Fax: (203) 432-1426

15. **Attorneys' Fees and Costs**. The Parties shall bear their own attorneys' fees and costs in connection with the Action and the negotiation and execution of this Agreement.

16. **Modification**. No provision of this Agreement may be amended, modified, changed, altered, waived, or supplemented except by a writing stating the intent of all Parties to amend, modify, change, alter, waive, or supplement this Agreement or any provision thereof that is signed by duly authorized representatives of each and every Party hereto or their respective successors in interest.

17. **Construction of Agreement/Choice of Law and Forum**. This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the substantive and procedural laws and rules of the State of Connecticut, regardless of that State's conflict of laws rules. Any action brought to enforce the provisions of this Agreement shall be commenced, prosecuted, and defended exclusively in the state and federal courts located in Connecticut. The language of this Agreement shall not be construed for or against any particular Party. The Parties agree that all of them and their attorneys have

drafted the Agreement and that there shall be no presumption that one Party drafted the Agreement for purposes of construing it. Section headings in this Agreement are included for convenience of reference only and shall not affect the construction of this Agreement.

18. **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

19. **Waiver.** No waiver of the breach of any of the terms or provisions of this Agreement shall be a waiver of any preceding or succeeding breach of the Agreement or any provisions of it.

20. **Counterparts.** This Agreement may be executed in one or more counterparts, each and all of which shall constitute and shall be construed as a single original instrument upon execution, delivery and exchange of such signed counterparts by and among the Parties hereto. A fully executed copy of this Agreement may be used with the same force and effect as the original of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates indicated below.

**ARMANDO GONZALEZ**

*Armando Gonzalez*
Date: 4-22-14

Witness:
*[signature]*

Dated: 4/22/14

**PREMIER CAR WASH, LLC**

*[signature]*
Date: 5/8/14

Witness:
*[signature]*

Dated: 5/8/14

**STATE STREET CAR CARE CENTER, LLC**

*[signature]*
Date: 5/8/14

Witness:
*[signature]*

Dated: 5/8/14

**VINCENT JOSEPH FARRELL**

*[signature]*
Date: 5/8/14

Witness:
*[signature]*

Dated: 5/8/14

**AUTOMOTIVE SERVICES, LLC**

*[signature]*
Date: 5/8/14

Witness:
*[signature]*

Dated: 5/8/14

**RATKO PEJOVIC**

*Ratko Pejon*
Date: 5/8/14

Witness:
*[signature]*

Dated: 5/8/14

A. Nicole Hallett, Supervising Attorney (ct28495)
Alex Hemmer, Law Student Intern
Cynthia Liao, Law Student Intern
Swapna Reddy, Law Student Intern
The Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06511 06520-9090
*Telephone:* (203) 432-4800
*E-mail:* nicole.hallett@yale.edu

*Counsel for Plaintiff*

**FINDING THAT THE SETTLEMENT IS FAIR AND REASONABLE AND APPROVING THE SETTLEMENT AFTER HAVING CONSIDERED THE STIPULATION, IT IS SO ORDERED**

_____/s/_____
**THE HONORABLE VANESSA L. BRYANT**

**U.S. DISTRICT COURT**

**DATED:** May 22, 2014

## DECLARATION OF TRANSLATION

I, __Evelyn Nuñez__ am fluent in both Spanish and English. On __April 22nd__, 20__14__, I translated the above Stipulation for Settlement and Dismissal to Armando Gonzalez. The plaintiff has acknowledged that he understands the translated Stipulation for Settlement and Dismissal and, having agreed with the terms, signed and dated the document.

__04/22/14__
Date

__[signature]__
Name